IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Carl C. LARSEN, attorney at law.

Supreme Court

*No. 79–1495–D. Filed May 14, 1980.*
(Also reported in 291 N.W.2d 881.)

*PER CURIAM*

On September 27, 1979, the Board of Attorneys Professional Responsibility (Board) filed with the court a complaint alleging that Carl C. Larsen, an attorney admitted to practice in this state since 1950 and who practices in Wittenberg, was guilty of unprofessional conduct in the handling of several probate matters. In connection with the probate of an estate in 1971 he deposited insurance policy proceeds in his trust account but did not include those proceeds on probate papers he prepared and filed, nor did he account for those proceeds when he transferred the assets to a newly appointed personal representative. He also failed to make any distribution of those proceeds to the heirs until seven years after the probate commenced, and then only in response to notification that the district professional responsibility committee intended to conduct an investigation into the matter.

In September of 1978, the Board of Attorneys Professional Responsibility conducted an examination of Larsen's trust account records and discovered that Larsen had made disbursements from that account containing the assets of an estate he was probating which were unre-

lated to that estate. In addition, the examination revealed that bank statements, cancelled checks and deposit slips covering several months were missing and unavailable and that Larsen did not maintain journals or ledgers to show either the present balance or the ownership of the funds in the trust account.

In 1976, Larsen concluded the probate of an estate within three months but, despite repeated requests by the personal representative, did not obtain a final judgment and a release and discharge of the personal representative until 1979. This delay necessitated that the personal representative obtain additional performance bonds at additional expense.

Despite repeated admonitions from probate court, Larson failed to file closing papers in eight probate matters which had been pending beyond the statutory time limit. In one of them, he failed to account for the distribution of the proceeds of the sale of the decedent's homestead.

In the course of the investigation into his conduct, Larsen did not adequately respond to the Board's inquiry, and he failed to appear at a meeting scheduled by the district professional responsibility committee to review the charges of misconduct filed against him.

The court referred this matter to the Hon. James Martineau as referee pursuant to SCR 21.09 (1980). Larsen and counsel for the Board stipulated to the facts in lieu of a hearing before the referee, and it was agreed that there would be a continuance of any further proceedings for a period of 90 days in order to give Larsen an opportunity to close the pending estates. Larsen failed to close these estates during the specified period.

On or about March 21, 1980, the referee filed his findings of fact, conclusions and disposition based on the stipulation of facts. The referee concluded that Larsen's failure to timely close the estates constituted neglect in violation of SCR 20.50(2)(a) and (d), that his

failure to notify heirs of the existence of insurance policy proceeds and his failure to include those proceeds in the probate papers was dishonest, deceitful and fraudulent in violation of SCR 20.04(4), that his use of trust funds and the deficiencies in his trust account procedure constituted violations of SCR 11.05, that his failure to promptly close an estate, which resulted in additional and unnecessary bond premiums, constituted neglect in violation of SCR 20.32(3), that his failure to account for the distribution of proceeds in the estates constituted violation of SCR 20.50(2)(a) and (c), and that his conduct in failing to cooperate with the Board and district professional responsibility committee represented misconduct in violation of SCR 22.07(3). The referee imposed discipline which we hereby adopt.

It is ordered that the license of Carl C. Larsen to practice law in Wisconsin is suspended for a period of six months from the date of this order.

It is further ordered that within ten days of the date of this order Carl C. Larsen turn over all of his open probate files in Shawano and Marathon Counties and records and papers relating to those files to the appropriate circuit judge in each county for reassignment to other counsel, that as part of the costs imposed herein he pay the reasonable attorneys fees necessarily incurred in closing those estates and that within ten days of the date of this order he pay to the clerks of circuit court for Shawano and Marathon Counties the sum of $500 each to be applied against those additional attorneys fees and that within ten days of the date of this order he submit to the referee and to counsel for the Board an affidavit of compliance indicating that the files have been transferred and the money paid to the clerks of court as ordered.

It is further ordered that within ten days of the date of this order Carl C. Larsen pay to the personal repre-

sentative in the Estate of Amanda Bernett the sum of $230 as reimbursement for the cost of the additional performance bonds necessitated by Larsen's delay.

It is further ordered that Carl C. Larsen pay the costs of this proceeding in the amount of $1,000 to the Board of Attorneys Professional Responsibility within 90 days of the date of this order.

It is further ordered that in the event Carl C. Larsen fails to timely comply with the provisions of this order, his license to practice law in Wisconsin shall be revoked forthwith.